SUTTON, J.,
concurring in part and concurring in the judgment in part.
Judge Clay does an effective job cleaning up a messy case. I agree with him that Excel Energy’s intentional-interference-with-prospective-contractual-relations claim fails as a matter of law. I agree with the court’s description of the standard for ascertaining whether a district court has improperly granted summary judgment sua sponte. And I agree with the court’s application of that standard to Excel Energy’s claim that Cannelton Sales violated the implied covenant of good faith and fair dealing.
I part company on just one issue—the application of that standard to the breach-of-contract claim. For many of the same reasons that the court holds that the trial court jumped the gun in ruling on the good-faith-and-fair-dealing claim, I would hold that the same is true with respect to the contract claim. The main dispute joined by the parties below was whether the Cyprus defendants were liable (as successors-in-interest) for Cannelton’s alleged breach of its contract with Excel Energy— not whether there was a contractual breach. Yet the district court not only chose not to resolve the successor-in-interest issue but also embraced a theory for concluding that the contractual claim was defective that the parties never briefed— the meaning of the “presentation” clause. I see no good reason to decide that difficult question on an incomplete record— incomplete because the parties had no reason to anticipate that this reading of the contract was in play, no incentive to argue the merits of this interpretation and no obligation to come forward with other evidence of the parties’ intent about the meaning of this clause. Were we to remand this aspect of the case, the parties would have an opportunity to fill these gaps in the record or an opportunity to sidestep the question altogether by obtaining a ruling from the district court about whether any of this matters—which it would not if the Cyprus defendants did not inherit Cannelton’s legal problems.